## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| JOHN B. BRIGGS,<br><br>               Plaintiff,<br><br>v.<br><br>IAP WORLDWIDE SERVICES, INC. and<br>LAURENCE TEAGUE,  DEAN PARRISH,<br>INDIVIDUALLY,<br><br><br>               Defendants. | NO. 18-cv-00982-AJT-TCB<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, DEMAND FOR DAMAGES, AND JURY TRIAL<br><br>EXEMPT FROM FILING FEES UNDER TO 38 U.S.C. § 4323(h)(1) |

### FIRST AMENDED COMPLAINT

Plaintiff, John B. Briggs ("Mr. Briggs"), by and through his undersigned attorneys, brings this Amended Complaint against IAP Worldwide Services, Inc., "IAP", Laurence Teague, Project Manager, and Dean Parrish, Human Resources Partner, (collectively, hereafter "IAP" or "Defendants"), and alleges as follows:

### I. NATURE OF THIS ACTION

1.      This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA").  Defendants willfully violated Mr. Briggs' USERRA rights: first, by effectively terminating his employment based on Defendants' discrimination against Mr. Briggs because of his military obligations; second, by retaliating against him because of his exercise of his rights under USERRA: and, third by retaliation against Mr. Briggs and imposing prerequisites to reemployment that are unlawful under USERRA.  Mr. Briggs seeks his lost wages and benefits, as well as liquidated damages for Defendants' willful violation of USERRA.

1

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

3.      The United States District Court for the Eastern District of Virginia is a proper venue for this action under 38 U.S.C. § 4323(c)(2) because Defendants IAP and Dean Parrish maintains a place of business in this judicial district.  Additionally, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this district.

4.      This action arose in the county of Fairfax Virginia and the Cities of Alexandria and Mclean; therefore, pursuant to local rules it should be assigned to the Alexandria Division.

5.      All statutory conditions precedent to the initiation of this lawsuit have been fulfilled.

### III.    PARTIES

6.      Defendant IAP is a foreign corporation formed in Delaware and with a principal place of business at 7315 N. Atlantic Avenue, Cape Canaveral, FL 32920, and maintains a place of business at 44 Canal Center Plaza, 6th Floor, Alexandria, Virginia, 22314, which is within the jurisdiction of this Court.  IAP employed, managed and controlled Mr. Briggs' daily activities throughout his employment with IAP.  For the purposes of 38 U.S.C. § 4303(4) of USERRA, IAP is a private employer.

7.      Defendant, Project Manager Laurence Teague is Mr. Briggs' former supervisor, and an IAP employee who controlled Mr. Briggs' employment opportunities at all times relevant to this lawsuit.  For the purposes of 38 U.S.C. § 4303(4) of USERRA, Laurence Teague is a private employer.

2

8. Defendant Dean Parrish is a Human Resources Business Partner for Defendant, an IAP employee who controlled Mr. Briggs' employment opportunities at all times relevant to this lawsuit, and his business address is located at 8200 Greensboro Drive., Suite 1100 McLean, VA, 22102. For the purposes of 38 U.S.C. § 4303(4) of USERRA, Dean Parrish is a private employer.

9. Mr. Briggs maintains a residence in Lebanon, Tennessee.

10. Mr. Briggs was employed with IAP as a Secure Warehouse Logistician, and Logistics Support employee of IAP.

11. Mr. Briggs' military service periods while employed with IAP do not exceed five years.

12. Mr. Briggs' records for active duty reflect honorable service to the United States of America.

## IV.    FACTS

**A. Mr. Briggs Received Orders to Participate in a Mandatory Promotion Board, then IAP Withheld Permission for Mr. Briggs to Participate for a Length of Time which Forced Mr. Briggs to Resign Based on IAP's unwillingness to follow USERRA.**

13. Mr. Briggs began working for IAP on or about August 29, 2016.

14. IAP hired Mr. Briggs as a Secure Warehouse Logistician. Mr. Briggs' duties included preparing cargo for airlift movement, conducting airfield operations and performing duties as team lead in the absence of Mr. Briggs' team lead.

15. During Mr. Briggs' employment with Defendants he received no negative performance reviews or discipline.

16. At all times relevant to this lawsuit Mr. Briggs was a member of the Tennessee Air National Guard, a "uniformed service" under USERRA.  38 U.S.C. § 4303(16).

3

17.     At all times relevant to this lawsuit Mr. Briggs served under federal authority, Title 32 USC, Section 502, or Title 37 USC, Section 206, by performing inactive duty for training ("IDT"). "Serving under federal authority includes duty under Title 32 of the United States Code, such as active duty for training, **inactive duty training** or full time National Guard duty." 20 C.F.R. § 1002.57(a) (emphasis added).

18.     In October 2017, the Air National Guard gave Mr. Briggs a schedule that, among other things, informed him that his presence was mandatory for training that would take place in December 2017. His attendance was required for a "mandatory promotion board." That schedule reflected that Mr. Briggs would have to attend military duty IDT (commonly referred to as Unit Training Assemblies ("UTA") or "drill weekend") during, *inter alia,* December 2 and 3, 2017.

19.     In the last week of October 2017, Mr. Briggs gave his immediate supervisor, Keagan Hall, notice of his obligation to perform military service for the December 2017 UTA. Mr. Hall responded that he was concerned that Mr. Briggs' IAP team would have minimum coverage and that the request "might" be able to be met if another IAP employee from another site could cover Mr. Briggs' duties.

20.     A week passed.  No one from IAP gave Mr. Briggs a definitive answer as to whether or not he would be "allowed" to go on his military leave.

21.     Mr. Hall consulted with Mr. Briggs' Project Manager, Mr. Teague, who, in turn, informed Mr. Hall that Mr. Briggs' request was denied.

22.     On November 10, 2017, after being told by Defendant that he may not attend his military duty, Mr. Briggs sent Mr. Teague an email requesting that he be able to attend military duty in December.

23.     Mr. Teague responded on November 10, 2017, stating that he thought the IDT drill weekend was optional, that he required a copy of the orders, and that "if this is a volunteer request I must deny it."  Mr. Teague also stated that there might not be any seating available on the "Corporate Shuttle" for Mr. Briggs to travel to the IDT.

24.     Mr. Teague further stated that he was aware of USERRA rules and regulations. To the contrary, however, USERRA's definition of "service in the uniformed services" expressly includes "individual training duty" and "the performance of service on a voluntary or involuntary basis."  38 U.S.C. § 4303(13).

25.     Defendants' denial of Mr. Briggs' request for military leave gave Mr. Briggs no choice but to resign his employment with Defendants.  For if Mr. Briggs failed to resign his employment with IAP, then he would have missed the December training and, in turn, been Absent Without Leave (AWOL).

26.     Mr. Briggs submitted his involuntary resignation letter on or about November 12, 2017.

27.     Mr. Teague responded to Mr. Briggs' involuntary resignation letter by requesting that Mr. Briggs submit a "Two Week Notice" to resign because it was "required."

28.     Mr. Briggs had no contractual obligation to submit a Two Week Notice and knew that such a notice would interfere with his ability to attend the Air National Guard December 2017, IDT weekend, so Mr. Briggs replied that he could not submit the requested Two Week Notice.

29.     Not to be outdone, Mr. Teague then attempted to persuade Mr. Briggs not to attend the IDT weekend and remain an employee of IAP to which Mr. Briggs indicated that he knew his

USERRA rights allowed him to leave for IDT and that "I don't want to leave, but I need to make this drill weekend."

30.     Defendants withheld Mr. Briggs' leave until Mr. Briggs had no other choice but to resign his position, or resign from the Air National Guard, a choice protected by his USERRA rights.

31.     Mr. Briggs attended his military obligations in December 2017, performed his IDT under federal authority, and was paid by the United States Department of Defense Finance and Accounting Service (DFAS) for that IDT.

32.     Mr. Briggs has continually sought employment in a position and salary commensurate with his experience at IAP.

33.     IAP has not subsequently reemployed Mr. Briggs and Mr. Briggs has not been reemployed through the date of this action.

34.     At all relevant times, both Supervisor Hall and Project Manager Teague knew of the USERRA laws relevant to Mr. Briggs' requests to attend individual training duty and were persons to whom AIP had delegated the performance of employment-related responsibilities regarding the same requests.

### B.  IAP Discriminated and Retaliated Against Mr. Briggs Because he Exercised his Rights Under USERRA, and by Forcing Mr. Briggs to Resign and lose the Pay and Benefits of his Employment.

35.     In direct contravention of 20 C.F.R. § 1002.87, Defendants required Mr. Briggs to obtain permission to attend military training, and after Mr. Briggs made multiple requests he was denied each time, leaving Mr. Briggs no choice but to protect his right to serve in the Air National Guard and seek to enforce his USERRA rights after being effectively terminated from employment.  IAP has not reemployed Mr. Briggs.

6

36.     Mr. Briggs has not been paid since his discharge from Defendants' employment.

37.     Mr. Briggs has been ready, willing, and able to work at his former position with IAP, or with another commensurate position at another potential employer since his discharge from Defendants' employment.

38.     As a result of Defendants' unlawful conduct in violation of USERRA, Mr. Briggs has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

39.     Defendants' actions are the direct and proximate cause of Mr. Briggs' damages.

40.     As a result of Defendants actions, Mr. Briggs has had to hire private counsel to enforce his USERRA rights with respect to his right to civilian employment while serving in the Air National Guard.

**C. IAP Willfully Retaliated Against Mr. Briggs Again Because he Exercised his Rights Under USERRA.**

41.     Mr. Briggs has not waived any or his rights under USERRA.

42.     On April 3, 2018, Mr. Briggs filed this case.

43.     On April 9, 2018, IAP Worldwide was served a copy of the summons and complaint through its registered agent for service.

44.     On or before April 30, 2018, Defendants hired competent legal counsel to defend this USERRA action.  That counsel entered her Notice of Appearance and an Answer on behalf of Defendants IAP and Laurence Teague.

45.     An employer cannot impose any prerequisites to reemployment or receipt of reemployment benefits beyond those required under USERRA.  38 U.S.C. § 4302(b).[1]

---

[1] *See also Dunlap v. Grupo Antolin Kentucky, Inc.,* 181 L.R.R.M. (BNA) 2831, 154 Lab. Cas. (CCH) P 10845, 2007 WL 855335 (W.D. Ky. 2007) (employer unlawfully imposed additional requirement by

46.     Rather than offer Mr. Biggs reemployment without prerequisites as required under USERRA, Defendants embarked on a new scheme to retaliate against Mr. Briggs.

47.     On April 30, 2018, Defendants, through counsel sent Mr. Briggs a letter under the guise of an unconditional offer of reemployment.[2]  However, the offer is not unconditional and its terms are in direct violation of USERRA.  The letter states:

> This offer is contingent upon your client's successful completion of the background check, security clearance, physical and drug screen, and all other requirements of all job applicants offered employment for the specific position offered you client.

48.     The next morning, Defendant, Dean Parrish, directly emailed two employment positons to Mr. Briggs, again, imposing prerequisites to reemployment that are illegal under USERRA.   The email states:

> John,
>
> It is my pleasure to offer you a position as an LSS warehouse specialist on our program in Afghanistan.  This offer is contingent upon your clearance crossing back over to the client and you passing medical screening.  Please sign and return the attached Foreign Assignment Worksheet and also I sent you two links from our recruiting software, Silk Road, for you to complete as part of the rehire process.
>
> **Dean Parrish**
> HR Business Partner
> NSS Programs
>
> 8200 Greensboro Dr, Ste 1100 McLean, VA 22102

---

requiring employee to submit a written application for reemployment)*; Petty v. Metropolitan Government of Nashville-Davidson County,* 538 F.3d 431, 441-42, 184 L.R.R.M. (BNA) 2961, 91 Empl. Prac. Dec. (CCH) P 43294, 156 Lab. Cas. (CCH) P 11082 (6th Cir. 2008) (police department's return-to-work process as applied to veteran seeking reemployment violated USERRA; it did not matter that asserted purpose of process was to ensure physical, emotional and temperamental qualifications to perform police work after absence from department); *Brown v. Prairie Farms Dairy, Inc.,* 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012).

[2]  In this case, the Defendants' statements and letters cannot be classified as settlement communications.

**o** 703-738-█████    **c** 703-755-█████
www.iapws.com

49.    In direct contravention of USERRA, Defendants failed to provide Mr. Briggs notice of his rights under USERRA and imposed perquisites to Mr. Briggs' reemployment beyond those required under USERRA.

50.    At all relevant times, Defendant Dean Parrish knew of the USERRA laws relevant to Mr. Briggs' reemployment, was an employee that IAP had delegated the performance of employment-related responsibilities; further evidence of Defendants' knowing and reckless disregard for the protections afforded a service member under USERRA.

51.    Further, as a result of Defendants' unlawful conduct and the necessity of this action to seek a remedy, Mr. Briggs fears further retaliation against his employment rights by Defendants or its managers, directors or employees.  As such, any employment relationship that Mr. Briggs may have enjoyed with Defendants prior to the filing of this action is irreparably damaged through no fault of Mr. Briggs.

52.    As a result of Defendants' unlawful conduct in violation of USERRA, Mr. Briggs has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

53.    Defendants' actions are the direct and proximate cause of Mr. Briggs' damages.

54.    Upon information and belief, Defendants are a party to contracts with the United States which prohibit Defendants from discrimination against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

55.    Upon information and belief, Defendants maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

56.    At all times relevant hereto, Defendants had a duty to conduct themselves in compliance with the law, including USERRA and ensure its managers and agents followed the Act.

57.    The above-referenced actions by Defendants, and their agents, breached those duties.

58.    To the extent that Defendants allege application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

### V.    VIOLATIONS OF USERRA

59.    Plaintiff re-alleges the above paragraphs.

60.    To plead a *prima facie* case of discrimination or retaliation under USERRA, 38 U.S.C. § 4311(a), a plaintiff must establish that: (A) their status or activity was protected under USERRA; (B) that the employer took an adverse action against the plaintiff by denying the plaintiff a benefit of employment; and, (C) that the plaintiff's status or activity, was a motivating factor for the defendant's adverse action.

61.    Defendants violated 38 U.S.C. § 4311(a) of USERRA, among other ways, by failing or refusing to:

> (a) Allow Mr. Briggs to retain the position he had with IAP while attending the mandatory UTA drill weekend;
>
> (b) Reemploy Mr. Briggs, following his participation in the mandatory UTA drill weekend in the position of employment which he would have been employed had his employment with Defendant not been interrupted by military service, or a position

10

of like seniority, status and pay, the duties of which Mr. Briggs was qualified to perform; and by,

(c) Requiring that Mr. Briggs not attend the UTA drill weekend in exchange for a promise of employment and increase in pay or requiring such non-attendance as a condition of continued employment with IAP.

62. Defendants violated 38 U.S.C. § 4311(b) of USERRA, among other ways, by:

(a) Refusing to reemploy Mr. Briggs following Mr. Briggs' complaint to IAP that IAP was violating his rights under USERRA;

(b) Denying Mr. Briggs proper employment, pay and benefits of employment in retaliation for Mr. Briggs' exercise of his rights under USERRA; and,

(c) IAP's alleged reasons for denying Mr. Briggs' continued employment and prompt, proper reemployment, pay and benefits of employment are a pretext created to avoid the truth and legal liability.

63. Section 4334 of USERRA requires an employer to "provide to persons entitled to rights and benefits under [USERRA] a notice of rights, benefits and obligations of such persons and such employers under [USERRA]" unless that right or benefit of employment is waived in by the service member in writing. *See* 38 U.S.C. § 4316(b)(2)(A)(ii). The burden is on Defendants to show written notice and prove the employee knew of the specific rights he would lose. 38 U.S.C. § 4316 (b)(2)(B).

64. Defendants violated §§ n4334 and 4316, *inter alia,* by failing to provide Mr. Briggs adequate, timely or written notice of his rights under USERRA.

65. Defendants violated 38 U.S.C. § 4302(b) by imposing prerequisites to reemployment or receipt of reemployment benefits beyond those required under USERRA.

66. Mr. Briggs is entitled to liquidated damages under 38 U.S.C. § 4323(d) of USERRA because:

    (a) Mr. Briggs gave Defendants multiple warnings that their actions violated USERRA;

    (b) Defendants knew of Mr. Briggs' USERRA rights;

    (c) Defendants recklessly disregarded Mr. Briggs' warnings; and

    (d) IAP recklessly disregard the obligations of their own contracts with the United States, if any;

    (e) IAP recklessly disregarded their own posted USERRA work-place notices.

## VI. PRAYER FOR RELIEF

Mr. Briggs respectfully prays for:

A. Compensation for all injury and damages suffered by Mr. Briggs including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, negative tax consequences of any award, liquidated damages, exemplary damages, and punitive damages as provided by law.

B. Plaintiff's reasonable attorney, expert fees, and costs, pursuant to 38 U.S.C. § 4323, and as otherwise provided by law.

C.      For such other and further relief as this Court deems just and equitable, including injunctive relief to preserve Mr. Briggs' benefits of employment and to enjoin future violations of the USERRA under 38 U.S.C. § 4323.

Respectfully submitted this 2nd day of May, 2018.

OBED LAW GROUP, PLC

By: _____/s/_____

SETH JAMES B. OBED (VSB # 82482)
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 638-8913

LAW OFFICE OF THOMAS G. JARRARD, PLLC

By: _____/s/_____

THOMAS G. JARRARD, *Pro Hac Vice*
1020 North Washington Street
Spokane, WA 99203
Telephone:  425 239-7290

CROTTY & SON LAW FIRM, PLLC

By: _____/s/_____

MATTHEW Z. CROTTY, *Pro Hac Vice*
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509 850 7011

Attorneys for Plaintiff JOHN BRIGGS

13

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38 or any similar rule of law, Plaintiff demands a trial by jury

for all causes of action and issues for which trial by jury is available.

By:  _____/s/_____

SETH JAMES B. OBED (VSB # 82482)
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 638-8913

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2018, I electronically filed the foregoing

with the clerk of the court using the CM/ECF system which will send notification of such filing

to counsel for Defendants:


Amy M. Pocklington, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, VA 23219
amy.pocklington@ogletreedeakins.com


By: _____/s/_____

SETH JAMES B. OBED (VSB # 82482)
111 Oronoco Street
Alexandria, VA 22314
Telephone: (703) 638-8913

15